# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BUONPASTORE, | Case No. 2:16-cv-00070-GMN-NJK |
| Plaintiff(s), | |
| vs. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Claimant's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act.[1] Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 33. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 35. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

---

[1] The Claimant was Michael Cetta. Upon his passing, he was substituted as Plaintiff by his surviving husband, Michael Buonpastore. *See* Docket No. 19. Hereinafter, the Court refers to Mr. Cetta as "Claimant" and Mr. Buonpastore as "Plaintiff."

**I.      STANDARDS**

    A.      <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial

evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.  Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight

abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 16-3p. An ALJ will consider the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will further evaluate whether the statements are consistent with objective medical evidence and the other evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On June 19, 2013 and July 31, 2013, Claimant filed applications for disability insurance benefits alleging that he became disabled on June 17, 2013. *See* Administrative Record ("A.R.") 153-67; *see also* A.R. 168 (amending onset date). Claimant's claims were denied initially and upon reconsideration. A.R. 75-78. On August 5, 2014, Claimant filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 124. On March 24, 2015, Claimant appeared for a hearing before ALJ Frederick Michaud. *See* A.R. 25-48.[3] On July 7, 2015, the ALJ issued an unfavorable decision finding that Claimant had not been under a disability, as defined by the Social Security Act, from the alleged onset

---

[3] Claimant was not represented by an attorney. *See* A.R. 28.

date through the date of his decision. A.R. 7-24. On November 17, 2015, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Claimant's request for review. A.R. 1-5.

On January 13, 2016, Claimant commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1. On December 16, 2016, Plaintiff filed a motion to reverse or remand. Docket No. 33.

### B. The Pertinent Decision Below

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on July 7, 2015. A.R. 7-24. At step one, the ALJ found that Claimant met the insured status requirements of the Social Security Act through December 31, 2018, and had not engaged in substantial gainful activity since June 17, 2013. A.R. 12. At step two, the ALJ found that Claimant had the following severe impairments: possible seizures/pseudo seizures, and anxiety. A.R. 12-13. At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 13-14.

The ALJ found that Claimant had the following residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk at least two hours in an eight-hour day; he can sit six hours in an eight-hour day; he can occasionally perform postural activities, but is precluded from climbing ladders, ropes or scaffolds; he is restricted from working around heights and moving machinery; he is precluded from driving; he is unable to consistently carry out complex or detailed tasks without special supervision; he has mild difficulty interacting with supervisors, peers, and the public; and he has mild difficulty responding appropriately to work pressures in a work setting, and working in coordination with and in close proximity to others without conflict, distress, confusion, or distraction.

A.R. 14-18. At step four, the ALJ found that Claimant was unable to perform past relevant. A.R. 18. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Claimant can perform based on his age, education, work experience, and residual functional capacity. A.R. 19-20. In doing so, the ALJ defined Claimant as a younger individual aged 18-49 at the time of the alleged disability onset date, who subsequently changed to the category of closely approaching advanced age, with at least a high school education and able to communicate in English. A.R. 19. The ALJ found the

transferability of job skills immaterial. A.R. 19. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as an assembler or cashier. A.R. 19-20.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits and supplemental security income. *See* A.R. 20.

### III. ANALYSIS AND FINDINGS

Plaintiff's sole argument on appeal is that the ALJ erred by improperly applying the Medical-Vocational Guidelines at Step Five of the sequential disability evaluation. Docket No. 33.[4] In particular, Plaintiff argues that Claimant fell under Medical Vocational Rule 201.12 based on his age at the time of the ALJ's hearing, but the ALJ improperly applied Medical Vocational Rule 201.14. *Id.* The Commissioner disagrees, arguing that the ALJ properly relied on the testimony of the vocational expert. Docket No. 35 at 10-11.[5] The Commissioner has the better argument.

To assist in the step-five determination, the Social Security Administration has established the Medical Vocational rules (the "grids") consisting of the four factors identified by Congress: physical ability, age, education, and work experience. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). "The grids are used to determine whether a claimant can transition to substantial gainful activity with respect to substantially uniform levels of impairment." *Bray*, 554 F.3d at 1123 n.4. "When the grids do not match the claimant's qualifications, the ALJ can either (1) use the grids as a framework and make a determination of what work exists that the claimant can perform, or (2) rely on a vocational expert when the claimant has significant non-exertional limitations." *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007).

---

[4] Plaintiff is appearing in this case *pro se*, and the Court construes his arguments liberally. *See, e.g.*, *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).

[5] In light of Plaintiff's *pro se* status, the Commissioner's responsive brief has provided analysis beyond the specific issue in dispute, showing the substantial evidence supporting the ALJ's decision at each step of the analysis. Docket No. 35 at 4-10.

In this case, the ALJ found that Claimant had additional limitations not accounted for in the grid. A.R. 19.[6] The ALJ did not err in so finding, and could properly rely on the testimony of the vocational expert. "To determine the extent to which the limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." A.R. 19. The ALJ made clear to the vocational expert that, as of the time of the hearing, Claimant was no longer considered a younger person and was instead closely approaching advanced age. A.R. 40 (relying on record identifying Claimant as 50 years old at the time of that assessment); *see also* 20 C.F.R. § 404.1563(d) (persons 50-54 years of age are considered "closely approaching advanced age"). The vocational expert then testified based on an "individual of similar age, education, and prior relevant work" with Claimant's limitations, concluding that such a person was able to perform the requirements necessary to be an assembler or cashier. A.R. 41-43. The ALJ relied on this testimony while noting that Claimant was closely approaching advanced age at the time of the hearing. A.R. 19.

In short, the ALJ was permitted to consult the testimony of a vocational expert, and the ALJ did not err in relying on the vocational expert's testimony provided in this case.

## IV.  CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

---

[6] As noted by the Commissioner, Docket No. 35 at 11, Plaintiff relies on the grid for sedentary work, which is not applicable here since Claimant was found to be capable of performing a reduced range of light work. *Compare* Rule 201.12 (applying to sedentary work for individual closely approaching advanced age) *with* A.R. 14-18 (RFC for reduced range of light work).

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 33) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 35) be **GRANTED**.

IT IS SO ORDERED.

DATED:   March 28, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).